IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:15-CT-03220-BO

**Kevin Lou English,**

               Plaintiff,

v.

**Charles Metzger**,

               Defendant.

**Order&
Memorandum & Recommendation**

Plaintiff Kevin Lou English commenced this civil action pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) on August 21, 2015. This matter is currently before the court for the screening required by the Prison Litigation Reform Act ("PLRA"). Also before the court is English's motion for leave to proceed *in forma pauperis* (D.E. 2), which is granted. However, for the following reasons, the undersigned magistrate judge recommends that the district court dismiss English's claims without prejudice.

The PLRA requires courts to review, prior to docketing, actions filed by prisoners against governmental entities or officials. 28 U.S.C. § 1915A(a). The purpose of this review is to eliminate those claims that unnecessarily impede judicial efficiency and the administration of justice. The court must examine the pleadings, identify cognizable claims, and dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b).

The court may dismiss a complaint as frivolous due to either legal or factual shortcomings. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A cause of action is legally

1

frivolous if it is "based upon an indisputably meritless legal theory and include[s] claims of infringement of a legal interest which clearly does not exist." *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). A complaint is factually frivolous when its factual allegations are "fanciful, fantastic, and delusional." *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992).

Malicious suits are those that constitute an abuse of the judicial process. This abuse can take a number of forms: repeated filings of the same legally insufficient claims, *Ball v. Bristol City Sheriff's Dep't*, No. 7:10-CV-00350, 2010 WL 3199920, at *2 (W.D. Va. Aug. 12, 2010); knowingly submitting a pleading that contains demonstrably false factual statements, *Galeas v. Byrd*, No. 3:11-CV-543-RJC, 2011 WL 6370373, at *3 (W.D.N.C. Dec. 20, 2011), *aff'd*, 469 F. App'x 236 (4th Cir. 2012); filing claims that are duplicative of pending litigation, *Pittman v. Moore*, 980 F.2d 994, 994–95 (5th Cir. 1993); or submitting a pleading that contains threats or demeans the court, *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981).

A complaint fails to state a claim upon which relief may be granted if it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Supreme Court has explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plaintiff's status as a *pro se* party relaxes, but does not eliminate, the requirement that his complaint contain facially plausible claims. The court must liberally construe a *pro se* plaintiff's allegations, but it "cannot ignore a clear failure to allege facts" that set forth a cognizable claim. *Johnson v. BAC Home Loans Servicing, LP*, 867 F. Supp. 2d 766, 776 (E.D.N.C. 2011).

Finally, the court may dismiss a complaint if it seeks monetary relief from a defendant who is immunized from liability for monetary damages. This immunity can take any number of forms, including, but not limited to, immunity under the Eleventh Amendment, *see Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001), or common-law doctrines such as judicial, legislative, and prosecutorial immunity, *see Pierson v. Ray*, 386 U.S. 547, 553–55 (1967).

English is civilly committed to the custody of the Attorney General pursuant to 18 U.S.C. § 4248(d), and he is currently confined at the Federal Correctional Institution in Butner, North Carolina ("Butner"). Compl. at 2, D.E. 1; *see United States v. English*, No. 5:07-HC-2187-D (E.D.N.C. May 9, 2012). In his complaint, English challenges a disciplinary conviction he received for possessing stolen property. Compl. at 3–4, D.E. 1. As relief, English seeks reinstatement of the work assignment he lost as a result of this conviction. *Id.* at 4–5.

Generally, "placement [of a civil detainee] in a prison, subject to the institution's usual rules of conduct, [does not per se] signify punishment[.]" *Allison v. Snyder*, 332 F.3d 1076, 1079 (7th Cir. 2003). Furthermore, civil detainees are subject to the same security policies as those used at correctional facilities. *Allison*, 332 F.3d at 1079 ("If pretrial detainees may be subjected to the ordinary conditions of confinement, as [*Bell v. Wolfish*, 441 U.S. 520 (1979)] holds, then so may persons detained as sexually dangerous persons."). "Disciplinary measures that do not substantially worsen the conditions of confinement of a lawfully confined person are not actionable under the due process clause, . . . and this [is] regardless of whether the confinement is criminal or civil." *Miller v. Dobier*, 634 F.3d 412, 414–15 (7th Cir. 2011) (citation omitted). "Put another way, unless the deprivation of liberty is in some way extreme, then the Constitution does not require that a prisoner be afforded any process at all prior to deprivations beyond that

3

incident to normal prison life." *Deavers v. Santiago*, 243 F. App'x 719, 721 (3d Cir. 2007) (unpublished) (emphasis omitted). Here, English has failed to allege that he was subjected to sanctions which dramatically worsened the terms of his confinement. *See Strutton v. Meade*, 668 F.3d 549, 558 (8th Cir. 2012); *King v. Holder*, No. 5:13-CT-3179-FL, 2014 WL 4701924, at *4–6 (E.D.N.C. Sept. 22, 2014), *aff'd*, 591 F. App'x 204 (4th Cir. 2015); *Francis v. Johns*, No. 5:11–CT–3005–FL, 2013 WL 1309285, at *7 (E.D.N.C. Mar. 28, 2013) (unpublished); *see also Bliss v. United States Attorney Gen.*, No. 8:07-160-TLW-BHH, 2009 WL 3105257, at *5 (D.S.C. Sept. 23, 2009) (finding no due process protections where inmate lost only his job and telephone privileges). On the contrary, English has no protected liberty interest in his work assignment. *See, O'Bar v. Pinion*, 953 F.2d 74, 82–84 (4th Cir. 1991); *Bulger v. United States Bureau of Prisons*, 65 F.3d 48, 50 (5th Cir. 1995) ("Courts of appeals consistently have held that an inmate's expectation of keeping a specific prison job, or any job, does not implicate a protected property interest").

Moreover, in *Wolff v. McDonnell*, 418 U.S. 539 (1974), the United States Supreme Court set forth the minimal procedural protections that must be provided to an inmate in disciplinary proceedings in which the inmate is deprived of a constitutionally protected liberty interest. *Id.* at 556–72. Under *Wolff*, an inmate is entitled to the following: (1) written notice of the charges at least twenty-four hours in advance of the hearing; (2) a written statement by the factfinder as to the evidence relied on and the reasons for disciplinary action; and (3) the opportunity to call witnesses and present documentary evidence in his defense, when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff*, 418 U.S. at 563–66. Even if English had

4

been deprived of a constitutionally protected liberty interest, the exhibits attached to his complaint clearly indicate that he was afforded the procedural protections required by *Wolff*. Pl. Ex. at 1–12, D.E. 1-1. Indeed, English does not contend that he was denied the required procedural protections. Rather, he asserts that the disciplinary hearing officer failed to properly weigh the evidence before him. Compl. at 3–4, D.E. 1. Such an argument fails to state a claim. *Hill*, 472 U.S. at 455 ("Ascertaining whether [the *Wolff*] standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence.").

In sum, English's motion for leave to proceed *in forma pauperis* (D.E. 2), is granted, and the undersigned magistrate judge recommends that the district court dismiss English's claims without prejudice.

The Clerk of Court shall serve a copy of this Memorandum and Recommendation on Plaintiff. Plaintiff shall have until 14 days after service of the Memorandum and Recommendation on him to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a *de novo* determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If plaintiff does not file written objections to the Memorandum and Recommendation by the foregoing deadline, he will be giving up the right to review of the**

**Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, plaintiff's failure to file written objections by the foregoing deadline will bar him from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation.** *See Wright v. Collins***, 766 F.2d 841, 846–47 (4th Cir. 1985).**

Dated: April 11, 2016

*Robert T. Numbers II*
_____
ROBERT T. NUMBERS, II
UNITED STATES MAGISTRATE JUDGE